## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
1333 H Street NW, 11th Floor
Washington, DC 20005,

           *Plaintiff*,

           vs.

CONSUMER FINANCIAL PROTECTION
BUREAU,
1700 G Street NW
Washington, DC 20552,

           *and*

UNITED STATES
DEPARTMENT OF DEFENSE,
1155 Defense Pentagon
Washington, DC 20301-1155,

           *Defendants*.

Case No.

## COMPLAINT FOR INJUNCTIVE RELIEF

1.     Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action against Defendants Consumer Financial Protection Bureau ("CFPB") and United States Department of Defense ("DoD") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2.     Last year, CFPB confirmed reporting that it intended to halt supervisory examinations of financial institutions for compliance with the Military Lending Act ("MLA"), 10 U.S.C. § 987, a law that protects active-duty servicemembers from predatory lending practices,

including exorbitant interest rates.[1]  This decision—which it stated was based on CFPB's reversal of its prior legal interpretation that it had authority to conduct such examinations—generated broad concern from consumer groups, military organizations, members of Congress, and DoD that CFPB was abandoning its statutory duty based on an erroneous legal conclusion.[2]  Then earlier this year, CFPB reaffirmed its new legal interpretation of existing authorities while seeking new legislation confirming its authorization to conduct supervisory examinations to review compliance with the MLA.[3]

3.     Plaintiff submitted FOIA requests to CFPB and DoD requesting records concerning the rationale for, and legal analysis and implementation of, CFPB's new MLA supervision policy.

4.     CFPB has unlawfully denied one of Plaintiff's requests and CFPB and DoD have failed to respond sufficiently to Plaintiff's other requests.  Plaintiff therefore respectfully requests that the Court compel Defendants to comply with the FOIA.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

---

[1] *See, e.g.*, Glenn Thrush, *Mulvaney Looks to Weaken Oversight of Military Lending*, N.Y. Times, Aug. 10, 2018, https://www.nytimes.com/2018/08/10/us/politics/mulvaney-military-lending.html.

[2] *See, e.g.*, Kate Berry, *Pentagon, Others Baffled By CFPB Plan to Cease Military Lending Exams*, Am. Banker, Oct. 11, 2018, https://www.americanbanker.com/news/pentagon-others-baffled-by-cfpb-plan-to-cease-military-lending-exams.

[3] *See* Press Release, CFPB, Consumer Financial Protection Bureau Asks Congress for Clear Authority to Supervise for Compliance with the Military Lending Act (Jan. 17, 2019), https://www.consumerfinance.gov/about-us/newsroom/consumer-financial-protection-bureau-asks-congress-clear-authority-supervise-compliance-military-lending-act/.

6.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7.     Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C.  Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

8.     Defendant CFPB is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  CFPB has possession, custody, and control of records that Democracy Forward has requested.

9.     Defendant DoD is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  DoD has possession, custody, and control of records that Democracy Forward has requested.

## FACTUAL ALLEGATIONS

### First CFPB FOIA Request

10.     Plaintiff submitted a FOIA request to CFPB on September 4, 2018, seeking the following records:

> (1) Letters, memoranda, e-mails, and other communications setting forth or otherwise reflecting the opinion of the CFPB's Legal Division regarding the Bureau's authority to conduct supervisory activities regarding the Military Lending Act.

Ex. A ("First CFPB FOIA Request") at 1.

11.     The request was limited to records created from July 21, 2011 to the date on which the search was completed.

12.     Democracy Forward sought a waiver of search and duplicating fees for the FOIA request under 5 U.S.C. § 552(a)(4)(A)(iii) and 12 C.F.R. § 1070.22, which require waiver of fees if the disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government [and] is not primarily in the commercial interest of the requester." *See* First CFPB FOIA Request at 2-3, 5-6.

13.     CFPB's determination regarding Democracy Forward's FOIA request was due by October 2, 2018.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

14.     CFPB sent Democracy Forward a letter on September 5, 2018, acknowledging receipt of the FOIA request, assigning it tracking number BCFP-2018-0749-F, and holding in abeyance the fee waiver request.  Ex. B at 1.

15.     On October 23, 2018, undersigned counsel contacted Ryan McDonald, a CFPB FOIA Analyst, to inquire about the status of processing the First CFPB FOIA Request.  Mr. McDonald stated that while he could make no promises, he expected that CFPB would provide a final response to the First CFPB FOIA Request by mid-December 2018.

16.     As of the date of this Complaint, CFPB has neither informed Plaintiff whether it will comply with the First CFPB FOIA Request nor produced the requested records.

<u>Second CFPB FOIA Request</u>

17.     Plaintiff submitted a FOIA request to CFPB on October 29, 2018, seeking the following records:

(1) Examination reports documenting CFPB's supervisory activities concerning the Military Lending Act.

(2) Any guidance, instruction, templates, manuals, or examination procedures for

CFPB staff on how or whether to conduct supervision or examinations of

practices in connection with the Military Lending Act.

Ex. C ("Second CFPB FOIA Request") at 1-2.

18.     The request for search (1) was limited to records created from August 15, 2018 to

the date the search is completed. For search (2), the request was limited to records created from

November 20, 2017 to the date the search is completed.

19.     Democracy Forward sought a waiver of search and duplicating fees for the FOIA

request under 5 U.S.C. § 552(a)(4)(A)(iii) and 12 C.F.R. § 1070.22, which require waiver of fees

if the disclosure is "likely to contribute significantly to public understanding of the operations or

activities of the government [and] is not primarily in the commercial interest of the requester."

Second CFPB FOIA Request at 3.

20.     CFPB's determination regarding Democracy Forward's FOIA request was due by

November 28, 2018.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

21.     CFPB sent Democracy Forward a letter on October 30, 2018, acknowledging

receipt of the FOIA request, assigning it tracking number BCFP-2019-0050-F, and holding in

abeyance the fee waiver request.  Ex. D at 1-2.

22.     On December 3, 2018, Plaintiff sent an email to the CFPB requesting an update

on the status of processing of the First and Second CFPB FOIA Requests.  Ex. E at 2. Defendant

responded on December 10, 2018 but declined to provide an estimated response date. *Id.* at 1.

23.     As of the date of this Complaint, CFPB has neither informed Plaintiff whether it

will comply with the Second CFPB FOIA Request nor produced the requested records.

Third CFPB FOIA Request

24.     Plaintiff submitted a FOIA request to CFPB on December 12, 2018, seeking the
following records:

(1) All notes, readouts, Powerpoint/presentation decks, and other presentation
materials from meetings in which examination procedures relating to the
Military Lending Act were discussed, including examiners' meetings. This
should include but is not limited to records in the custody of examiners and
other staff in attendance and presenters, including Eric Blankenstein.

(2) All records containing or reflecting communications about whether the scope
of CFPB supervision and examination includes Military Lending Act
compliance activities.

Ex. F ("Third CFPB FOIA Request") at 1.

25.     The request was limited to records in the possession of the Office of the Director;
Division of Consumer Education and Engagement; and Division of Supervision, Enforcement,
and Fair Lending. The search period for the request was from August 10, 2018 to the date on
which the search was completed.

26.     Democracy Forward sought a waiver of search and duplicating fees for the FOIA
request under 5 U.S.C. § 552(a)(4)(A)(iii) and 12 C.F.R. § 1070.22, which require waiver of fees
if the disclosure is "likely to contribute significantly to public understanding of the operations or
activities of the government [and] is not primarily in the commercial interest of the requester."
Third CFPB FOIA Request at 3-4.

27.     CFPB's determination regarding Democracy Forward's FOIA request was
originally due by January 11, 2019.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

28.     CFPB sent Democracy Forward an email on December 13, 2018, acknowledging receipt of the FOIA request and assigning it tracking number BCFP-2019-0143-F.[4]  Ex. G at 1. The acknowledgment letter notified Democracy Forward of CFPB's decision that unusual circumstances would prevent it from responding to the FOIA within the 20-day statutory period.

29.     The additional ten-day period triggered by CFPB's invocation of FOIA's "unusual circumstances" provision, 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa), has now lapsed.

30.     On January 29, 2019, CFPB sent Democracy Forward a letter via email stating that the Third CFPB FOIA Request was "too broad in scope or did not specifically identify the records in which [sic] you are seeking." Ex. H at 1.  Thus, CFPB stated that it would place the request on hold for 30 days, and unless Democracy Forward revised its request within that time period, it would "consider this matter resolved and close the request." *Id.*

31.     CFPB did not identify the source or nature of its confusion regarding the records sought in the Third CFPB FOIA Request.

32.     CFPB's January 29, 2019 letter constitutes denial or constructive denial of the Third CFPB FOIA Request.

### DoD FOIA Request

33.     Plaintiff submitted a FOIA request to DoD on December 17, 2018, seeking the following records:

(1) All records containing or reflecting communications to or from the Consumer Financial Protection Bureau containing the terms "MLA" or "Military Lending Act."

---

[4] CFPB's December 13, 2018 email inadvertently failed to attach the acknowledgment letter. After Democracy Forward alerted CFPB to the omission, CFPB transmitted the letter, which is dated December 13, 2018, to Democracy Forward via email on January 24, 2019.

(2) All records, including but not limited to records containing or reflecting

communications, containing the terms (i) "CFPB," "BCFP," "Bureau,"

"Mulvaney," or "Blankenstein," and (ii) "MLA" or "Military Lending Act."

Ex. I ("DoD FOIA Request") at 2, 4.

34.      The request was limited to records created from June 1, 2018, to the date on

which the search is completed.

35.      Democracy Forward sought a waiver of search and duplicating fees for the FOIA

request under 5 U.S.C. § 552(a)(4)(A)(iii) and 32 C.F.R. § 286.12, which require waiver of fees

if the disclosure is "likely to contribute significantly to public understanding of the operations or

activities of the government [and] is not primarily in the commercial interest of the requester."

DoD FOIA Request at 5-6.

36.      DoD's determination regarding Democracy Forward's FOIA request was

originally due by January 16, 2019.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

37.      DoD sent Democracy Forward an email on December 17, 2018, acknowledging

receipt of the FOIA request and assigning it tracking number 19-F-0424.  Ex. J at 1.

38.      DoD sent Democracy Forward an Interim Response on January 9, 2019, notifying

Democracy Forward that unusual circumstances would prevent DoD from responding to the

FOIA within the 20-day statutory period.  Ex. K at 1.

39.      The additional ten-day extension triggered by DoD's invocation of FOIA's

"unusual circumstances" provision, 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa), has now lapsed.

40.      As of the date of this Complaint, DoD has neither informed Plaintiff whether it

will comply with the DoD FOIA Request nor produced the requested records.

*        *        *

41.     As of the date of this Complaint, Defendants CFPB and DoD have failed to notify Democracy Forward whether CFPB or DoD will comply with the FOIA requests, *see* 5 U.S.C. § 552(a)(6)(A)(i), or produce all requested records or demonstrate that they are lawfully exempt from production.  *See id.* § 552(a)(6)(C).  Nor have CFPB or DoD notified Democracy Forward of the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings, or informed Democracy Forward that it may appeal any adequately specific, adverse determination.

42.     Because CFPB and DoD have "fail[ed] to comply with the applicable time limit provision" of the FOIA, even with the benefit of any extensions of time which CFPB or DoD might have claimed, Democracy Forward is "deemed to have exhausted [its] administrative remedies."  *See id.* § 552(a)(6)(C)(i).

## CLAIMS FOR RELIEF

### Count One (Violation of the FOIA by CFPB, First Request), 5 U.S.C. § 552

43.     Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

44.     By failing to respond to the First CFPB FOIA Request within the statutorily mandated time period, CFPB has violated its duties under FOIA, *see* 5 U.S.C. § 552 *et seq.*, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

45.     Plaintiff is being irreparably harmed by CFPB's violation of the FOIA, and Plaintiff will continue to be irreparably harmed until CFPB is compelled to comply with the FOIA.

**Count Two (Violation of the FOIA by CFPB, Second Request), 5 U.S.C. § 552**

46.     Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47.     By failing to respond to Plaintiff's second request within the statutorily mandated time period, CFPB has violated its duties under FOIA, *see* 5 U.S.C. § 552 *et seq.*, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

48.     Plaintiff is being irreparably harmed by CFPB's violation of the FOIA, and Plaintiff will continue to be irreparably harmed until CFPB is compelled to comply with the FOIA.

**Count Three (Violation of the FOIA by CFPB, Third Request), 5 U.S.C. § 552**

49.     Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

50.     CFPB has violated FOIA by failing to process Plaintiff's third request consistent with its duties under FOIA, *see* 5 U.S.C. § 552 *et seq.*, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

51.     Plaintiff is being irreparably harmed by CFPB's violation of the FOIA, and Plaintiff will continue to be irreparably harmed until CFPB is compelled to comply with the FOIA.

**Count Four (Violation of the FOIA by DoD), 5 U.S.C. § 552**

52.     Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

53.     By failing to respond to Plaintiff's request within the statutorily mandated time period, DoD has violated its duties under FOIA, *see* 5 U.S.C. § 552 *et seq.*, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

54.     Plaintiff is being irreparably harmed by DoD's violation of the FOIA, and Plaintiff will continue to be irreparably harmed until DoD is compelled to comply with the FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      order Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to discovery of records responsive to Plaintiff's FOIA requests;

2.      order Defendants to produce, by a date certain, any and all nonexempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.      enjoin Defendants from continuing to withhold any and all nonexempt records responsive to Plaintiff's FOIA requests;

4.      order Defendants to grant Plaintiff's requests for a fee waiver;

11

5.  award Plaintiff its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.  grant any other relief this Court deems appropriate.

Dated: January 31, 2019                      Respectfully submitted,

                                             */s/ Nitin Shah*
                                             Javier M. Guzman (D.C. Bar No. 462679)
                                             Nitin Shah (D.C. Bar No. 156035)
                                             Democracy Forward Foundation
                                             P.O. Box 34553
                                             Washington, D.C. 20043
                                             (202) 448-9090
                                             nshah@democracyforward.org
                                             jguzman@democracyforward.org